U.S. Bank Trust N.A. v LaMadrid (2025 NY Slip Op 04034)

U.S. Bank Trust N.A. v LaMadrid

2025 NY Slip Op 04034

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-10524
 (Index No. 33349/09)

[*1]U.S. Bank Trust National Association, etc., appellant,
v
Yvette LaMadrid, etc., et al., defendants; 903 Realty NY, LLC, nonparty-respondent.

Friedman Vartolo LLP, Garden City, NY (Stephen J. Vargas of counsel), for appellant.
The David R. Smith Law Group PLLC, New York, NY, for nonparty-respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated July 18, 2023. The order, insofar as appealed from, granted the cross-motion of nonparty 903 Realty NY, LLC, pursuant to CPLR 2004 and 3012(d) for an extension of time to answer the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the cross-motion of nonparty 903 Realty NY, LLC, pursuant to CPLR 2004 and 3012(d) for an extension of time to answer the complaint is denied.
The underlying facts of this appeal are set forth in a related appeal reversing so much of an order dated June 24, 2022 (hereinafter the June 2022 order), as, sua sponte, granted nonparty 903 Realty NY, LLC (hereinafter 903 Realty), leave to intervene in the action as a party defendant (see Federal National Mortgage Association v LaMadrid, _____ AD3d _____ [Appellate Division Docket No. 2024-05349; decided herewith]).
Following the June 2022 order, the plaintiff moved, inter alia, for an extension of time to serve a supplemental summons and amended complaint upon the defendants and to amend the caption. 903 Realty cross-moved pursuant to CPLR 2004 and 3012(d) for an extension of time to answer the complaint. By order dated July 18, 2023, the Supreme Court granted the plaintiff's motion, as well as 903 Realty's cross-motion. The plaintiff appeals from so much of the order dated June 18, 2023, as granted 903 Realty's cross-motion.
In light of our determination in the related appeal, the Supreme Court should not have granted 903 Realty's cross-motion pursuant to CPLR 2004 and 3012(d) for an extension of time to answer the complaint.
DILLON, J.P., CHRISTOPHER, VENTURA and MCCORMACK , JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court